SUPREME COURT.   At Chambers, Albany, August 17, 1855.   Before
*Parker*, Justice.

## THE PEOPLE *v.* JAMES CARROLL.

The act of April 2, 1850, regulating the police of the town of Watervliet, so
far as it takes away from a person charged with an offence the right to give
bail for his appearance at the next criminal court having jurisdiction, is
an infringement of the right of trial by jury and is unconstitutional and
void.

On the petition of the prisoner, a writ of *habeas corpus*
was allowed in this case, addressed to Stephen Deitz, con-
stable of the town of Watervliet, in whose custody he was
detained and by whose return it appeared he was arrested
by virtue of a warrant issued by Murray Hubbard, Esq., a
justice of the peace of that town, on a complaint for assault
and battery alleged to have been committed by the prisoner.
It further appeared that, on being brought before the justice,
the prisoner, within twenty hours after his arrest, demanded
an examination and offered to give bail for his appearance at
the next criminal court having cognizance of the case, both
of which were refused by the justice, who required the
prisoner to give bail to appear before him on the fifteenth
day of August, instant, to be tried before him as a court of
special sessions.   The prisoner refusing to do so, the justice
issued a commitment, under which the prisoner was detained
at the time of the issuing of the writ of *habeas corpus.*

*D. McElwain,* for the prisoner.

*S. G. Courtney* (Ass't District Attorney), for the people.

PARKER, J.   Under the general provisions of the Revised
Statutes (2 *R. S.,* 711, § 1) a person charged with assault
and battery, on being arrested and brought before a magis-
trate, had the right to elect whether he would be tried before

The People *v.* Carroll.

a court of special sessions or give bail to appear and answer at the next criminal court having jurisdiction.   It is supposed this right has been taken away, as to all persons arrested in the town of Watervliet, by an act, passed April 2, 1850, regulating the police of that town. (*Laws of* 1850, 210.) By that act it is provided that whenever any person charged with· any offence specified in section one, article one, title three, chapter two of the fourth part of the Revised Statutes, including assault and battery, shall be brought before a justice of the peace of the town of Watervliet, "it shall be his duty forthwith to hear, try and determine such complaint or prosecution, according to the provisions of said article, &c., whether the person charged with such offence requests to be so tried or not," &c.

Though the right to give bail is not taken away in express terms, I think the language plainly indicates a design to compel the person accused, against his choice, to be tried before the justice as a court of special sessions.   The justice is directed to proceed forthwith to try the complaint, though the person charged may not request to be so tried.   It does not detract from the force of this language that this is to be done according to the provisions of the Revised Statutes regulating trials before courts of special sessions.   The trial is compulsory; in that respect it differs from the general provisions of the Revised Statutes; but the ·manner and form of trial are to be in accordance with those provisions. The complaint may be tried by the justice or by a jury of six, if the prisoner shall demand it.

Of the policy of that kind of legislation which denies to a person charged with an offence in Watervliet the right to have his· case tried before twelve men in a higher criminal court, after it shall have passed the ordeal of a grand jury (a right enjoyed by all those who may be so fortunate, when arrested, as to be brought before a magistrate on the outer side of the town lines), it may not, perhaps, become me to speak in terms as strongly condemnatory as it deserves.

Fortunately, there is an ample protection against such unequal and unjust legislation in the constitution of our state, which declares that "the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever." (*Const.*, *art.* 1, § 2.) By "jury," in this clause of the constitution, is meant a common law jury of twelve men. Under the Revised Statutes, and at the time of the adoption of our present state constitution, every person charged with having committed an assault and battery had a right to give bail to appear and answer at the next criminal court, and thus to secure a trial by jury in the constitutional sense of the word. No legislation can deprive the citizen of that right. All legislative invasions of it are unconstitutional and void. For a more full discussion of this subject I refer to an opinion recently written by me, in giving construction of another statute, in *The People* v. *Kennedy* (2 *Park. Cr. R.*, 312.)

The act of 1850, under which the justice acted, is clearly inoperative and void, so far as it takes away from the person charged the right to give bail and to carry his case to the next county court having criminal jurisdiction, and the prisoner must therefore be discharged on giving bail in the sum of $300.